# Murphy's Estate.

*Courts—Jurisdiction, O. C.—Attorney and client—Payments by attorney to client.*

1. A man does not lose his right to trial by jury because he is an attorney-at-law.

2. An attorney who has money in his hands which he has recovered for his client may deduct his fees from the amount and payment of the balance is all that can be lawfully demanded.

3. The Orphans' Court has no jurisdiction to require an attorney to pay to his client funds which have come into his hands, where it appears that the attorney has paid over to the client a part of such funds and has retained the balance as compensation for services rendered.

4. Where a petition was filed in the Orphans' Court for a rule on an attorney to show cause why he should not pay over to petitioner a fund of $2,000 which had come into his hands, less his reasonable fees for services rendered, and it appeared that petitioner had received a check for $4,500 from the executor of her husband's estate in payment of part of her share thereof, and had endorsed the same to the attorney who had deposited the check in his account and paid petitioner $2,500, retaining the balance as compensation for his services, under an allegation that petitioner had so agreed, the court had no jurisdiction to ascertain the amount due the petitioner, if any, in the absence of any allegation of fraud or misconduct on the part of the attorney, and properly dismissed the petition.

Argued Feb. 20, 1917. Appeal, No. 397, Jan. T., 1917, by Ella Murphy, from decree of O. C. Lackawanna Co., Year 1914, No. 352, discharging rule to show cause why respondent should not pay over certain money to petitioner, in Estate of Bernard J. Murphy, Deceased. Before BROWN, C. J., POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.

The proceeding in the court below was for a rule on a member of the bar to pay over to the appellant moneys in his hands which she alleged belonged to her. The matter was disposed of on petition, answer, replication and motion to dismiss the petition. The petition, answer and motion to dismiss are as follows:

### PETITION.

To the Honorable M. F. Sando, President Judge of the Orphans' Court of Lackawanna County:

The petition of Mrs. Ella Murphy respectfully represents:

That George F. O'Brien is a duly qualified attorney practicing chiefly in the courts of Luzerne County, State of Pennsylvania, but is a registered member of the bar of Lackawanna County and of the bar of the Orphans' Court of the said county; that your petitioner is the widow of Bernard J. Murphy, late of the City of Carbondale, County of Lackawanna and State of Pennsylvania, who died testate and whose will was duly probated in the register's office in said county, and whose estate is being adjudicated in your honorable court; that shortly after the death of the said Bernard J. Murphy, your petitioner employed the said George F. O'Brien as her attorney to represent her in a proceeding relating to the administration and distribution of the estate of her late husband; that it was agreed then and there between the said George F. O'Brien and your petitioner that his fee or compensation for all work that should be done for and on her behalf, relating to the protection of her interests in the said estate and the securing of her share therefrom should not exceed the sum of $500.00; that your petitioner was not the administrator or executor of the said estate, and that, therefore, the said George F. O'Brien had nothing to do with conserving the affairs of the estate, gathering in its assets or distribution to the creditors except to guard the interests of your petitioner; that under the advice of the said George F. O'Brien, your

petitioner elected to take against the will of the decedent, and that the proper proceedings were taken by the said George F. O'Brien to secure the interests of your petitioner in that behalf, and that his action in this regard was practically all that was done by the said George F. O'Brien for or on behalf of your petitioner; that such proceedings are simple, perfunctory and not complicated; that the proceedings were so proceeded with; that your petitioner was awarded out of the said estate the sum of $4,500.00; that this sum of money was paid to her by a check drawn by the executor in the office of Joseph O'Brien, of the Lackawanna bar, in the Mears Building, City of Scranton, said check being payable to her order and being handed to her by the said Joseph O'Brien in the presence of her then attorney, George F. O'Brien; that at the suggestion of her said attorney, George F. O'Brien, your petitioner and the said George F. O'Brien proceeded to the Hotel Casey, in said City of Scranton, where your petitioner was induced by her said attorney, George F. O'Brien, to endorse the said check over to him, the said George F. O'Brien; that thereupon the said George F. O'Brien having secured possession of the said check, retained the same and delivered to your petitioner his own personal check in the sum of $2,500.00, and departed, retaining the check for $4,500.00; that this was done against the protests of your petitioner; that the said George F. O'Brien subsequently deposited the said check of $4,500.00, and has received the money thereon; that he has thereby retained out of the sum of $4,500.00, secured from your petitioner, the sum of $2,000.00, that demand has been made upon him to pay over to your petitioner the said money, after the deduction of a reasonable fee, but the said George F. O'Brien has neglected and refused to pay over the said sum of money to your petitioner or any part thereof.

Wherefore your petitioner prays that a rule be granted upon the said George F. O'Brien to show cause why he should not pay over to your petitioner the said sum of

$2,000.00, or such part thereof as remains after the deduction of such reasonable fee for his services as to your honor may seem proper.

## ANSWER OF GEORGE F. O'BRIEN.

To the Honorable M. F. SANDO, President Judge of the Orphans' Court of Lackawanna County:

George F. O'Brien, answering the petition in above entitled case, avers:

That your respondent is a qualified attorney, a member of the Bar of Luzerne County, and of the Supreme Court of Pennsylvania.

That Bernard J. Murphy, late of the City of Carbondale, died on April 24, 1914, testate, leaving to survive him a widow, and no issue.

That by the terms of the will of the said Bernard J. Murphy, deceased, (which will is probated in the office of the register of wills of Lackawanna County, to No. 52 of 1914) the said Ella Murphy, petitioner, was left but a small annuity.

That shortly after the death of the said Bernard J. Murphy, the petitioner sent for your respondent and retained him to represent her in the settlement of the said estate.

That on the advice of your respondent, the petitioner, Ella Murphy, elected to take against the will of her deceased husband, Bernard J. Murphy, and through the efforts of your respondent she was awarded by your honorable court, on March 15, 1915, the sum of five thousand three hundred dollars ($5,300) and in addition thereto one-half the balance of the estate of said decedent, which in all, will amount to more than $20,000.

That your respondent, who has continued to represent the petitioner since his original employment, specifically denies, that it was at any time agreed between him and the petitioner, that his fee or compensation for all work that should be done for her on her behalf relating to the protection of her interest in the said estate and the se-

curing of her share therefrom should not exceed the sum of $500.00, and avers that the petitioner agreed to pay your respondent for his services the sum of $2,000, and in addition thereto, his actual expenses incurred by reason of his employment, the said sum of $2,000.00 to be paid by the petitioner out of the first moneys to be received by her from the said estate.

That in pursuance of said agreement the petitioner, Ella Murphy, on the 18th day of December, 1915, did knowingly and willingly pay to your respondent the said sum of $2,000.00, and is still indebted to your respondent for expenses incurred by him in the course of his employment, and for legal services on matters not connected with the said estate, amounting to five hundred dollars ($500.00).

That the petitioner made no complaint in reference to the fee paid by her to said respondent for many weeks after the payment thereof or until the middle of February, 1916, when your respondent was notified by counsel for the petitioner in these proceedings that she was dissatisfied with the amount paid by her to your respondent.

Wherefore, your respondent prays that the petition in this case, unjustly brought, shall be dismissed at the costs of the said petitioner.

### MOTION TO DISCHARGE RULE.

Now, to wit, August 28, 1916, comes George F. O'Brien, the respondent in the rule granted in the above stated case, and by his attorneys, Charles B. Lenahan and David J. Reedy, moves to dismiss the rule granted on him, and assigns therefor the following reasons:

(1) The court has no jurisdiction of the person of George F. O'Brien for the reason that he is not a member of the Orphans' Court of this county.

(2) The court has no jurisdiction of the subject-matter in controversy.

Wherefore the respondent prays that the rule be dismissed.

Other facts appear in the opinion of the Supreme Court.

The court discharged the rule.  Petitioner appealed.

*Error assigned* was the order of the court.

*H. W. Mumford,* with him *E. A. DeLaney,* for appellant.

*Charles B. Lenahan,* with him *David J. Reedy* and *John T. Lenahan,* for appellee.

OPINION BY MR. CHIEF JUSTICE BROWN, May 7, 1917:

Appellant's petition in the court below was for a rule on the appellee, a member of the bar, to show cause why he should not be ordered to pay over to her $2,000, moneys which she alleged were in his hands, but belonged to her, less such sum as the court might adjudge proper for professional services rendered.  The averments upon which the appellant relied in asking for the rule appear in her petition for it, to be found in the reporter's notes. An answer was filed to the rule to show cause, and this was followed by a replication.  Before any testimony was taken appellee moved to dismiss the petition, for the reason that the court had no jurisdiction of his person or of the matter in controversy.  From the order sustaining that motion there is this appeal.

If from the pleadings it had appeared to the court below that the appellee had misbehaved himself in his office as an attorney practicing before it, or that the money which he retained was under its jurisdiction, it clearly could have punished the offending practitioner, or required him to turn over the moneys in his hands to the estate to which they belonged; but no such situation was presented, and the court correctly held that it was without jurisdiction to grant relief to the appellant, if she was entitled to any.

The transaction of which the appellant complains was

between her and the appellee alone.　After the award of
$4,500 to her out of the estate of her deceased husband
had been paid to her by a check drawn to her order by
the executor, and delivered to her, that sum no longer
formed any part of the estate of the deceased, and the
Orphans' Court ceased to have jurisdiction over it.
After receiving the check she endorsed it over to the ap-
pellee, her attorney, and there is no averment that he
procured it from her by fraud or mistake.　He deposited
it to his own credit in bank and gave her his check for
$2,500, retaining the balance for his services under a dis-
tinct averment in his answer that his retention of the
$2,000 was in pursuance of an express contract between
him and the appellant that he should be paid that sum
for his professional services, and, in addition thereto,
his actual expenses incurred in acting for her.　She,
on the other hand, avers that the agreement between
them was that the compensation for his services was not
to exceed $500.　The controversy between her and him is
in no manner connected with the administration of Mur-
phy's estate, over which the court below had jurisdic-
tion.　The simple question to be settled in a proper
forum is the amount to be paid by one living person to
another for services rendered.　That question can be set-
tled only in the Common Pleas.　The terms of the con-
tract are in dispute, and what they really were is a fact to
be settled in the Common Pleas, and nowhere else.　There
it must be determined whether the contract upon which
the appellee relies was entered into by the appellant, and
is a conscionable one, under all the facts in the case, or
the appellant is to pay no more than she avers was the
contract with the appellee for his services.　The case is
an ordinary one, growing out of a contract between liv-
ing persons, and neither over its disputed terms nor the
parties to it has the Orphans' Court any jurisdiction.

"An attorney who has money in his hands which he
has recovered for his client, may deduct his fees from the
amount, and payment of the balance is all that can be

lawfully demanded": Balsbaugh v. Frazer, 19 Pa. 95. If there be a dispute as to the terms of an agreement as to the fees to be paid, the question becomes one of fact, and "a man does not lose his right to trial by jury because he is an attorney-at-law": In re Rule on R. P. Kennedy, 120 Pa. 497, 503.

Appeal dismissed at appellant's costs.