Stinson's Estate.

Argued December 13, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, RHODES and HIRT, JJ.

*Robert P. Shick,* in propria persona, appellant.

*Desmond J. McTighe,* of *Fox & McTighe,* for appellee.

OPINION BY BALDRIGE, J., February 28, 1941:

This appeal is from a decree of the learned court below dismissing exceptions filed to the account of the Norris-town-Penn Trust Company, trustee for Robert P. Shick, under the will of Francis G. Stinson, deceased.

514

The will of the testator provided, inter alia, as follows: "Eleventh:—I give and bequeath to the Trustee who shall be hereafter nominated by my nephew, Robert P. Shick, by and with the approval of the Orphans' Court of Montgomery County, Pennsylvania, Twenty-five Thousand Dollars ($25,000/00), in trust, to be invested by the said Trustee in legal securities, and the income derived therefrom to be paid semi-annually unto the said Robert P. Shick during the term of his natural life......"

By a codicil the principal of the trust was increased from $25,000 to $30,000. The Penn Trust Company (now the Norristown-Penn Trust Company by a merger in 1924) was nominated and appointed trustee. On January 24, 1905, an agreement was entered into between the trust company, Robert P. Shick, Esq., and the other beneficiaries under the will, which contained a clause that the trust company would invest the trust fund so as to yield an annual income of not less than 5% to the beneficiaries.

Income was paid to the appellant at the rate of five or more per cent on the principal of the trust estate from 1905 to 1932, when it was reduced to 4½% and later to 4%. Mr. Shick on April 13, 1938, sent a letter to the trust company objecting to the reduction and asked for its construction of that part of the contract relating to the income to be paid to him. A number of conferences followed this letter and on April 1, 1939 an account was filed by the trustee. It showed the principal of $30,000 to be intact and set forth the amount annually received and paid to the beneficiaries.

Exceptions to the account were filed by this appellant. The one with which we are primarily concerned alleged a deficiency of $1,792.50 between the amount actually paid to him and the income that the fund should have produced if invested at 5%. The exceptions were dismissed by the auditing judge, who held that the orphans' court was without jurisdiction to determine a

controversy arising under a collateral contract under which the exceptant was seeking a money judgment. Exceptions were filed to this adjudication and after argument the learned court below confirmed the account.

The main question before us, therefore, is. Does the orphans' court have jurisdiction over this claim arising out of a contract between the trust company and the beneficiaries of a trust? The answer is in the negative.

The jurisdiction of the orphans' court embraces all controversies arising over the control and management of trusts created by will: Orphans' Court Act of 1917, P. L. 363, §9, 20 P. S. §2241 et seq.; *Wilson, Mayor, v. Board of Directors of City Trusts et al.*, 324 Pa. 545, 188 A. 588. But its powers, depending entirely upon statutes, are limited: *Main's Estate*, 322 Pa. 243, 244, 185 A. 222. No act of the legislature has been cited and we know of none that gives jurisdiction to the orphans' court, over matters pertaining to purely contractual obligations not imposed by a testamentary trust. The contract very probably was the inducement that caused the beneficiaries to nominate the accountant trustee but the undertaking assumed therein by the trustee was collateral to, and independent of, the trust created by the will. If this trustee saw fit to bind itself beyond the performance of its legal duties as a testamentary trustee and defaulted, it is not within the authority of the orphans' court to give relief to the one aggrieved. The contract did not affect the administration of the trust or the settlement of the trustee's account. The accountant herein stands in a dual capacity. It is a trustee under the will and is a party to a contract with the beneficiaries under the will. As the learned court below aptly says in its opinion: "There is a clear distinction between the duties of an accountant under its trust and its duties under a contract with the beneficiaries." The obligations of the trust company under

the contract were neither imposed upon it as trustee by law, nor were they within the terms of the trust.

The accountant, as trustee, was required under the law to exercise reasonable diligence and care in making proper investments of the funds in its hand, to account for the income actually received, and pay it over to the beneficiaries entitled thereto. No question is raised respecting the discharge of those duties.

The exceptant insists that under the written agreement the trustee must account in the orphans' court for the deficiency between the income the accountant collected and the amount it agreed to pay without regard to the amount it actually received. If the exceptant is entitled to a recovery it is not for a breach of the testamentary trust but for the violation of the written agreement. The court of common pleas is, therefore, the appropriate tribunal for the exceptant to press his claim. We might state that this type of contract since the Act approved April 22, 1937, P. L. 349, 378, §1021-A, 7 PS §819, is unlawful.

The exceptant objected also to awarding a fee of $200 to counsel for the trustee, which was charged to the principal of the trust estate. The agreement between the trust company and the beneficiaries provided that the trustee should charge a commission of 5% on the income arising from the trust, which expressly included the payment of counsel fees. We do not doubt that the sum of $200 was a reasonable amount for the services performed by the attorneys for the trustee, but under the terms of the agreement the trust company bound itself to assume this obligation. Attorneys' fees for services rendered for the personal benefit of a trustee are not chargeable to an estate.

The decree of the court below must be modified to the extent that it allowed the payment of attorneys' fees from the principal of the trust estate. As modified the decree is affirmed. Each party shall pay its or his own costs of this appeal.