## Anderson's Estate

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner, and Hunter, JJ.

*Frank Streeper, Jr.*, for exceptant.

*James A. Walker*, contra.

HUNTER, J., September 22, 1944.—Ordinarily the orphans' court has no jurisdiction to determine fees between a distributee and his attorney. Such a con-

troversy is foreign to the administration of a decedent's estate. It grows out of a contract between living parties and can be settled only in the common pleas or Municipal Court. Either party has a right to trial by jury: Murphy's Estate, 258 Pa. 38; Amerling's Estate, 13 D. & C. 582.

An exception is made where the attorney holds an assignment of his client's interest, in which case the orphans' court has jurisdiction under the well-settled rule that its power to distribute includes the power to determine the rights in distribution of distributees, their assignees, and attaching creditors: Gross' Estate, 14 Dist. R. 137; Connolly's Estate, 51 Pitts. 301. See also Norris' Estate, 329 Pa. 483.

In the case before us there was no assignment by the distributee to the attorney, and the auditing judge has found expressly that there was no agreement between them that the attorney would look to the fund for his compensation. For this reason the auditing judge rejected the attorney's claim to a lien on the fund, and declined to take jurisdiction of the controversy.

The question of an attorney's lien for legal services rendered is a novel one in orphans' court practice. In cases originating in the court of common pleas, an attorney's "retaining" lien upon money, papers, and other property in his hands is well recognized, and depends upon his possession of such property. Where property is not in his possession, but has been brought into court by his aid, he is given a "charging lien" for his labor in creating the fund. Otherwise, the client may run away with the profits of his industry, or they may be absorbed by other creditors of an insolvent client before judgment and satisfaction can be obtained by the attorney.

There are, however, certain prerequisites to a lien. In Turtle Creek Bank & Trust Co. v. Murdock, 150 Pa. Superior Ct. 277, Judge Baldrige said (p. 280) :

"Before a charging lien is recognized it must appear: (1) that the attorney's services contributed primarily to creating the fund; and (2) that there was an agreement with the client that the compensation was to be paid from that fund."

The necessity of an agreement to look to the fund is also referred to in Patten v. Wilson, 34 Pa. 299, and Harris' Appeal, 323 Pa. 124, 129, an illustration of which would be a contingent fee agreement where the compensation and its amount depended upon the success of the litigation, the fund if recovered being the sole source of payment.

It is clear from these authorities that a lien does not arise automatically, by virtue merely of the professional relation. If liens of this nature are to be recognized, care must be taken not to prejudice fiduciaries and the public at large in their dealings with distributees. An assignment or agreement, with notice to the fiduciary, would seem to be a reasonable requirement.

Undoubtedly the scope of an attorney's lien has been enlarged by the later cases, but we are of the opinion that the rule still prevails that the orphans' court has no jurisdiction of controversies between distributee and attorney unless there is an assignment or an agreement in the nature of an assignment.

The auditing judge, notwithstanding his rejection of the exceptant's claim, made a finding of fact as to the value of services rendered. This he did for the sake of the record and to avoid circuity should exceptions to his conclusions of law be sustained. As we agree with his conclusions of law we deem it unnecessary to review the above finding of fact and will sustain the exception thereto pro forma.

The first exception is sustained pro forma, all other exceptions are dismissed, and the adjudication as modified is confirmed absolutely.