## Randall Estate.

Argued April 24, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Paul Yermish,* with him *Sanford S. Marateck,* for appellant.

*H. F. Bonno,* for appellees.

OPINION BY MR. JUSTICE ARNOLD, May 25, 1956:

This is an appeal from the orders of the Orphans' Court of Northumberland County at the instance of Joseph L. Randall, Administrator.

Samuel S. Randall and Anna Randall, his wife, died by accidental means May 30, 1951, each of them intestate. Samuel S. Randall left to survive him as his heirs at law, three sons by a former marriage: Solomon, Max, and Joseph L. Randall. Anna Randall left to survive her as her heir at law, Frank Tortorello, her father. Subsequent to negotiations, the heirs at law, together with Bessie Randall (former wife of the decedent, Samuel S. Randall) entered into a written agreement concerning the settlement of these estates. The portion of the agreement relevant to this issue provides:

"1. The said Joseph Randall shall qualify as administrator of the estate of Samuel Randall. 2. Daniel J. Tortorello . . . shall qualify as administrator of the estates of Anna Randall and Ronald Randall.[1] . . .

---

[1] The son of Samuel S. Randall and Anna Randall who died by accidental means, intestate.

5. b. Administrator's commissions in the amount of five per cent (5%) of the gross estate shall be paid as follows: (1) The amount allowed on the estate of Samuel Randall shall be paid to Joseph Randall. . . . (3) The amount allowed on the estate of Ronald Randall shall be divided equally, share and share alike, between Joseph Randall and Daniel J. Tortorello."

Letters of administration were thereupon granted to Joseph L. Randall in Northumberland County in the estate of Samuel S. Randall, the latter being a resident of that county at the time of his death. Joseph L. Randall filed his first and final account of his administration. Exceptions to the following item of this account were filed on behalf of Solomon, Max and Bessie Randall: "Reserved for payment—Joseph L. Randall, administrator's commission . . . $3,675.93." The exceptants contend that *prior* to the execution of the family settlement agreement of June 6, 1951, it was *orally* agreed between them and Joseph L. Randall that all commissions payable to him as administrator, and any commissions received from the estate of Ronald Randall, would be equally divided between Joseph L. Randall and the exceptants. The refusal to divide these commissions is the basis of the exception.

Joseph L. Randall filed motions to dismiss the exceptions, contending lack of jurisdiction in the orphans' court. The orphans' court made the following order:

"(1). That this court is without jurisdiction to entertain the exceptions filed herein. (2) That the exceptants, if they so desire, file an action in our court of common pleas [Northumberland County] promptly. (3) That the sum of $3,675.93 reserved in the account of Joseph L. Randall as administrator's commissions, and the sum of $95.93 reserved in the account of Daniel Tortorello for Joseph L. Randall be impounded to await

the outcome of this action in our court of common pleas."

The court below was quite right in saying that it possesses no jurisdiction to entertain the exceptions filed to the Joseph L. Randall account, since "the contractual liability is entirely collateral to the account, . . . [and grows] out of a contract between living persons, and neither over its disputed terms, nor the parties to it, has the orphans' court any jurisdiction." The exceptants are not claimants against the estate of Joseph L. Randall: *Murphy's Estate,* 258 Pa. 38, 44, 101 A. 935; *Purman Estate,* 358 Pa. 187, 191, 56 A. 2d 86; *Stinson's Estate,* 143 Pa. Superior Ct. 512, 515, 18 A. 2d 678.

The orphans' court had no jurisdiction to determine that the venue of said civil action was in Northumberland County. The court below having held that it had no jurisdiction to adjudicate the exception, nevertheless impounded the fund for the benefit of the exceptants, and further ordered "that the exceptants, if they so desire, might file an action in our (Northumberland County) court of common pleas promptly." The appellant, without contradiction, asserted at the bar that Joseph L. Randall is a resident of Philadelphia, Pennsylvania. Pa. R. C. P. 1006, relating to venue and process in actions of assumpsit, provides: "(a) . . . an action against an individual may be brought in and only in a county in which he may be served." Therefore it is obvious that the exceptants could not sue Randall in Northumberland County, unless they could obtain service upon him.

The order of the learned court below is modified by deleting sections (2) and (3) from the decree (that the exceptants file an action in the Common Pleas of Northumberland County, and impounding the sum of $3,-771.86, to await the action to be brought by the except-

ants in the Common Pleas of Northumberland County). Costs to be paid by the named exceptants.