453 A.2d 651

In re ESTATE OF Ruth B. FREEDMAN, Deceased.

**Appeal of Nancy NIEHAUS, a Minor, by her Father and Natural Guardian Earl A. NIEHAUS; Pamela Niehaus and Jeffrey Niehaus, Minors, by their Father and Natural Guardian, Lee Niehaus; and Susan Peters, Individually and as Representative of a Class of Plaintiffs.**

Superior Court of Pennsylvania.

Argued Sept. 28, 1981.

Filed Nov. 30, 1982.

Petition for Allowance of Appeal Denied March 3, 1983.

414

Myron B. Markel and Daniel M. Berger, Pittsburgh, for appellants.

W. Gregg Kerr, Pittsburgh, for appellee.

Before CAVANAUGH, MONTEMURO and VAN der VOORT, JJ.

VAN der VOORT, Judge:

Appellants filed a complaint in the Civil Division of the Court of Common Pleas of Allegheny County, naming appellee, Equibank N.A. as defendant. The complaint contained allegations in both assumpsit and trespass. The complaint alleged that assets of the Freedman estate had been placed in a common trust established by Equibank's predecessor. Appellants claimed to be beneficiaries of the Freedman trust funds. It was alleged that the trustee, Equibank had mismanaged the common trust funds resulting in a substantial depletion of the assets. Appellants sought both compensatory and punitive damages for themselves and all members of a plaintiff class consisting of all those who had an interest in the common trust.

Equibank filed preliminary objections, raising among other things, that the Orphans' Court had jurisdiction of the action. The case was transferred to the Orphans' Court. Equibank filed additional preliminary objections in the Orphans' Court raising, inter alia, that that court could only hear a case started by a petition for a citation; the court could not hear a class action; and the claim for punitive damages was improper. Appellants petitioned to remand the class action to the Civil Division. After argument, the Orphans' Court, en banc,[1] struck the class action, dismissed

---

1. Judge Ross wrote the majority opinion of the court; Judges Watson and Rahauser joined. Administrative Judge Zavarella filed a

the claim for punitive damages and denied the petition to transfer the case back to the Civil Division. This appeal is taken from the majority order of the court.

Prior to appellate argument Equibank motioned to quash this appeal arguing that the order appealed from was interlocutory and in the alternative that the order was not docketed in the court below. By per curiam order, dated July 14, 1981, the motion was denied without prejudice to the parties to renew the issue at the time of argument. The issue was addressed at the time of oral argument and we must first deal with it before attending to the merits of this appeal.

█ After reviewing the relevant docket entries, we find that the order of December 19, 1980, was filed and noted upon the docket in the court below. We may also summarily dispose of the question as to the appealability of an order denying class action status. Our Supreme Court in *Bell v. Benefic. Consumer Co.*, 465 Pa. 225, 348 A.2d 734 (1975) clearly sanctioned such appeals. There the court found that even though the appellant could bring an individual action, such appellant could nonetheless appeal the denial of the class action status. We hold likewise here and will therefore deny Equibank's motion to quash. Also, see *Janicik v. Prudential Insurance Co. of America*, 305 Pa.Superior Ct. 120 n. 1, 451 A.2d 451 n. 1 (1982).

Now turning our attention to the appeal itself, two issues are raised before this court:

1) Whether the Orphans' Court should have assumed jurisdiction or have returned the action to the Civil Division for disposition of the class action?

2) Did the Orphans' Court improperly dismiss the claim for punitive damages on preliminary objections?

I

Appellants' position may be summarized as follows. Pennsylvania has adopted a Unified Court System. See

dissenting opinion and a supplemental opinion. Judge Schwartz also dissented.

Pennsylvania Constitution, Article V, § 5 and 42 Pa.C.S. § 952. Therefore, they argue each division of the court has jurisdiction over the entire action. Applying this to the current case, appellants contend that the Civil Division could invoke the jurisdiction of the Orphans' Court and the Orphans' Court could invoke the jurisdiction of the Civil Division. Rule 2.1, Pennsylvania Orphans' Court Rules requires the court to conform to equity practice. Rule 1501, Pa.R. C.P. provides that equity follow the rules relating to an action brought in assumpsit. Therefore appellants reason that the Orphans' Court is also subjected to the rules applied to assumpsit, including Rule 1701 et seq., Pa.R.C.P., pertaining to class actions.

In the alternative appellants argue that if the Orphans' Court, in ruling upon a challenge to a trust's administration, is controlled by 20 Pa.C.S.A. § 761 and Orphans' Court Rules 3.2, 3.4 and 3.5, which require a plaintiff to petition praying for citation, effecting denying class action status, then such court should refer the case to the Civil Division.

Equibank counters that the Probate Estates and Fiduciaries Code of 1972 (hereafter referred to as the Code) and 20 Pa.C.S. § 711(2) in particular require that the Orphans' Court exercise jurisdiction over appellants' complaint. Appellee relies on 42 Pa.C.S. § 952, which it argues, authorizes one division to transfer a case to another division, not to adopt another division's rules. Next, it is argued that proceeding by complaint, instead of petition was improper under section 761 of the Code as no other procedure can adequately protect all parties. It notes that the class action procedure is not an end in itself but a mere procedural device.

Appellee argues that rules pertaining to class action cannot be assimilated to Orphans' Court. Equibank suggests that Rule 1703, Pa.R.C.P. requires a complaint to commence a class action, whereas, the Code and Orphans' Court Rules require an action to be commenced by petition. Equibank contends that the court could properly address the correctness of a class action on preliminary objections so long as

issues of fact were not raised. Here the class action was struck because of various policy considerations not factual considerations.

The majority of Orphans' Court sitting en banc found that a petition seeking a citation was the only means to institute such action in Orphans' Court. After the fiduciary files an accounting and advertises the accounting its call for an audit is notice to all concerned. The court found such procedure followed by objections to the accounting and hearing thereon adequately protects all concerned. Therefore the court struck the complaint allowing twenty days for appellants to proceed by petition and citation. The majority found that those with interests in the common trust did not share a common interest. The various beneficiaries were entitled to distribution at different times; at one time a profit could be realized, at another a loss realized. The court concluded that to review every transaction in light of each individual interest would be a "practice ad infinitum." [2] Such class action was held to be against public policy in light of the procedure in existence in Orphans' Court where anyone may raise objection to the audit. The court found the class actions allegations impertinent.

Judge Zavarella, dissenting, argued that without the class action and punitive damages claimed there "is nothing to proceed on . . ."; and such determination could not be made on the basis of preliminary objections. He would have permitted the matter to be heard in the Civil Division where the issues of fact concerning the class action could be raised by answer.

██ Pennsylvania has not followed the requirement, adopted by the federal courts, that a class action be "superior to other available methods for the fair and efficient adjudication of the controversy." Rule 23, Fed.R.Civ.P.

---

**2.** Such a view appears to be too restrictive since involved here is a common trust in which each interest is indivisible from the whole. Appellee Bank, as a matter of administering the estate must by necessity calculate and allocate earnings and administrative expenses to each interest based on a period of time not on each investment transaction.

See Explanatory Note to Rule 1701, Pa.R.C.P. This Commonwealth requires simply that the class action be "fair and efficient". *Samuels v. Smock,* 54 *Pa. Commonwealth Ct.,* 597, 600 n. 4, 422 A.2d 902, 903 n. 4 (1980). However, where the legislature has provided a specific statutory remedy, a class action may not be used to provide a different remedy. *Lilian v. Commonwealth,* 467 Pa. 15, 354 A.2d 250 (1976); see also Explanatory Note to Rule 1701, Pa.R.C.P. With the foregoing principles in mind we must agree with the court below, that the statutory provision bestowing jurisdiction over such trust contests in the Orphans' Court provides the exclusive forum for such actions.

The legislature has given the Orphans' Court "mandatory" jurisdiction over both testamentary trusts and inter vivos trusts. 20 Pa.C.S.A. § 711(1) and (2); *Valley Forge Etc. v. Wash. Mem. Chapel,* 493 Pa. 491, 426 A.2d 1123 (1981) (inter vivos trust); *In re Estate of Croessant,* 482 Pa. 188, 393 A.2d 443 (1978) (testamentary trust). Appellants' claim that, Pennsylvania's unified court system would permit the Civil Division to address the merits of this case, is not persuasive. Appellants refer us to the Judicial Code, Title 42 Pa.C.S. § 952, which statutorily recognizes that the Courts of Common Pleas may contain various divisions; each division vested with the full jurisdiction of the court. This section has been construed as providing, in a multi-division county (of which Philadelphia is one) for the transfer, between the respective divisions, of a cause of action brought in the wrong division instead of dismissing the action. *Commonwealth v. Wadzinski,* 485 Pa. 247, 401 A.2d 1129 (1978). This court in *Durst v. Frick,* 222 Pa.Superior Ct. 290, 292, 295 A.2d 125 (1972) explained the effect of the constitutional revision encompassed in § 952.

Orphans' courts were abolished and their jurisdiction transferred to the common pleas courts by article 5 of the Constitution of Pennsylvania and its implementing Schedule, effective January 1, 1969. Pa.Const. art. 5, § 1 et seq. Section 4 of the Schedule provides that in judicial districts having separate orphans' courts the courts of common

pleas shall "exercise the jurisdiction presently exercised by the separate orphans' courts through their respective orphans' court divisions." Pa.Const. art. 5, § 4 [Many of the counties] are judicial districts which had separate orphans' courts, and we interpret § 4 of the Schedule as preserving, in the present common pleas courts and orphans' court divisions of those districts, the same jurisdictional distinctions as previously existed between the common pleas courts and the separate orphans' courts.

Therefore, the lower court correctly found that appellants' case should be heard in the Orphans' Court as that court has exclusive jurisdiction over both testamentary and inter vivos trusts and therefore over an action seeking to surcharge a trustee of such a trust. *Horner v. First Pennsylvania Banking and Trust Co.*, 412 Pa. 72, 194 A.2d 335 (1963). It still remains to be determined what is the proper means for bringing such an action in the Orphans' Court.

██ The Orphans' Court has all the powers of a chancery at its disposal to effect its decision. *La Rocca Trust*, 411 Pa. 633, 192 A.2d 409 (1963); *In re: Pew Memorial Trust, No. 2,* 5 D & C 3d 698 (1977). While the court abides by the rules of equity, its authority and procedure may be circumscribed by both the legislature and rules of the Supreme Court. *Stinson's Estate*, 143 Pa.Superior Ct. 512, 18 A.2d 678 (1940); *Lutz v. Village 2 at New Hope, Inc.*, 71 D & C 2d 595 (1973); See also, Rule 3, Pa.R. Orphans' Court. The legislature has mandated that such proceedings in Orphans' Court be commenced by a petition for issuance of a citation. 20 Pa.C.S. § 761; see also *Hicks Estate*, 414 Pa. 131, 199 A.2d 283 (1964); *Righter Estate*, 55 D & C 2nd 453 (1972). Furthermore, the Orphans' Court when faced with a challenge to the administration of a trust, is authorized to direct the trustee to file an account. 20 Pa.C.S. § 762. Orphans' Court Rules 6.1 et seq. provides for notice to all parties, objections to be raised to the account and confirmation of the account. Thus the lower court citing *Real Estate Savings & Trust Co. v. Lewis*, 340 Pa. 86, 88, 16 A.2d 13, 14 (1940), found that this procedure adequately protects all with interests in the trust. We agree.

Appellants' proposal to proceed by class action in the Orphans' Court would be in contravention of the legislature's intent. We are constrained to find that a class action is inappropriate for proceedings before the Orphans' Court Division.

## II

■ Appellee contends that the striking of a claim for punitive damages pursuant to preliminary objections is not an appealable order as appellants are still in court. Such was the holding of our Supreme Court in *Hudock v. Donegal Mut. Ins. Co.,* 438 Pa. 272, 264 A.2d 668 (1970) which is controlling in this appeal. That portion of this appeal addressing punitive damages must be quashed as it is from an interlocutory order.

Motion to Quash the balance of this appeal is denied.

The order is affirmed in part and the appeal is quashed in part. Appellant is to be granted allowance to file, within twenty (20) days, a petition for issuance of a citation. Case is remanded to the lower court for further proceedings not inconsistent with this opinion. We do not retain jurisdiction.

CAVANAUGH and MONTEMURO, JJ., concur in the result.