## In re Lemke Trust

*R. Stephen Shibla,* for trustee.
*Ronald M. Katzman,* for objectors.

MORGAN, *P.J.,* April 6, 1993—This matter is before us on a motion to add a claim for punitive damages to objections to a first and final account seeking surcharge for mismanagement of trust assets. The trustee argues that punitive damages are not recoverable as a matter of law in an Orphans' Court proceeding involving such objections to an account.

It may be, as the trustee argues, that there is no direct precedent for punitive damages in a surcharge action. However, we see no good reason why a claim for such damages should be less appropriate against a fiduciary in a proper case in an Orphans' Court proceeding than in any other. We are not persuaded by the view to the

contrary for which *Freedman Estate,* 1 Pa. Fiduc. Rep.2d 60 (Allegheny 1980), *aff'd* 307 Pa. Super. 413, 453 A.2d 651 (1982), is cited. Although not entirely clear, *Freedman* seems to rest on a principle that an Orphans' Court proceeding is equitable in nature and the award of punitive damages in equitable actions is improper. We would note, however, that the relief requested here includes compensatory damages and we fully agree with the proposition, well expounded by Judge Takiff in *Korman Corp. v. Franklin Town Corp.,* 34 D.&C.3d 495 (1984) that "a rule prohibiting the recovery of punitive damages in equity no longer has a rational basis in Pennsylvania jurisprudence" and, therefore, an award of punitive damages is a proper exercise of equitable power where the facts warrant such recovery.

For the foregoing reasons we enter the following

## ORDER

And now, April 6, 1993, Frederick P. Lemke's motion for leave to file amended objections is hereby granted.