354 A.2d 250

Eric L. LILIAN and Judith Lilian, and the
Class they Represent, Appellants,

v.

COMMONWEALTH of Pennsylvania and
Robert Kane, Secretary of Revenue.

Supreme Court of Pennsylvania.

Argued Nov. 26, 1974.

Decided March 17, 1976.

Eric L. Lilian, Paul D. Sulman, Philadelphia, for appellants.

Guy J. DePasquale, Asst. Atty. Gen., Harrisburg, for appellees.

Before JONES, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

This appeal presents the question whether a class action may be maintained when there exists an adequate administrative remedy. We answer in the negative, and will affirm.

The case at bar was commenced by the filing of a complaint in equity in the Commonwealth Court[1] by the named plaintiffs, Eric L. Lilian and Judith Lilian, his wife, on behalf of themselves and others similarly situated to compel repayment to them by the defendants, the Commonwealth of Pennsylvania and its then Secretary of Revenue, Robert L. Kane, of portions of sales taxes paid by the plaintiffs and members of their class on the purchase of motor vehicles.

1. Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 223, art. IV, § 401, 17 P.S. § 211.401 (Supp.1975–1976).

■ From the complaint the following facts appear: On December 11, 1971, the federal excise tax applicable to certain newly manufactured motor vehicles was repealed by the Congress, effective retroactively to August 15, 1971. Revenue Act of 1971, Act of December 10, 1971, Pub.L. No. 92–178, § 401(c), 85 Stat. 497, repealing in part 26 U.S.C.A. § 4061(a)(2). Following the repeal, the federal government refunded the excise tax to all persons who had purchased new vehicles during the four month period ended on December 11, 1971. Among the refund recipients were the named plaintiffs, who had purchased a new automobile in Pennsylvania on November 10, 1971. In connection with that purchase, the Lilians paid a Pennsylvania sales tax of six per cent [2] on the purchase price of the car, which was computed to include the applicable amount of federal excise tax.[3] Between August 16 and December 11, 1971, the other members of the class also made purchases of motor vehicles and paid a Pennsylvania sales tax thereon, which was levied on the federal excise tax as well as the actual purchase price. Defendants have refused to account to the plaintiffs with respect to the amounts of Pennsylvania sales tax paid on the federal excise tax during the four months prior to the repeal of the latter tax, or to make any refunds to plaintiffs or their class with respect thereto when demanded.

The defendants responded to the complaint with preliminary objections asserting, first, that equity lacked jurisdiction due to the availability of a statutorily prescribed method for obtaining sales tax refunds and, second, by way of demurrer, that the complaint failed to state a cause of action because suit was barred by the

2. Act of March 4, 1971, P.L. 6, No. 2, art. II, §§ 201–204, *as amended*, 72 P.S. §§ 7201–7204 (Supp.1975–1976). The Lilians paid a sales tax in the amount of $233.40 on a purchase price of $3,890.

3. It is not herein asserted that this manner of computing the sales tax was erroneous.

doctrine of sovereign immunity. The Commonwealth Court sustained the preliminary objection as to the unavailability of equitable relief [4] and the plaintiffs appealed to this Court.[5]

■ There is no doubt whatever that if the Lilians had sued to obtain a sales tax refund for themselves alone, equity would be without jurisdiction to grant recovery. Sections 252–255 of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, No. 2, art. II, *as amended*, 72 P.S. §§ 7252–7255 (Supp.1975–1976) provide for the refunding of improperly assessed or paid sales taxes, and set forth the procedure whereby such refunds may be obtained.[6] Where such an administrative remedy is statutorily prescribed the general rule is that a court—be it a court of equity or a court of law—is without jurisdiction to entertain the action. See, *e. g., De-Luca v. Buckeye Coal Company*, 463 Pa. 513, 345 A.2d 637 (1975); *West Homestead Borough School District v. Allegheny County Board of School Directors*, 440 Pa. 113, 269 A.2d 904 (1970); *Commonwealth v. Glen Alden Corp.*, 418 Pa. 57, 210 A.2d 256 (1965). Strict compli-

---

4. The Commonwealth Court did not reach the sovereign immunity question raised by the demurrer.

5. See the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 223, art. II, § 203, 17 P.S. § 211.203 (Supp. 1975–1976).

6. Section 252 of the Tax Reform Code of 1971, supra, provides: "The department [of Revenue] shall . . . refund all taxes, interest and penalties paid to the Commonwealth under the provisions of this article and to which the Commonwealth is not rightfully entitled. Such refunds shall be made to the person, his heirs, successors, assigns or other personal representatives, who actually paid the tax. . ." Under Section 253(a) the petition for refund to the Department of Revenue must be filed within three years of the date of payment of the tax. Decisions adverse to the petitioning taxpayer are then appealable to the Board of Finance and Revenue (Section 254) and in turn to the Commonwealth Court (Section 255). Under Section 203 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 223, art. II, § 203, 17 P.S. § 211.203 (Supp.1975–1976), the decision of the Commonwealth Court would be appealable as a matter of right to this Court.

ance with the statutory procedure thus established is the norm. Statutory Construction Act of 1972, Act of December 6, 1972, P.L. 1339, No. 290, 1 Pa.C.S. § 1504; see also *Box Office Pictures, Inc. v. Board of Finance and Revenue*, 402 Pa. 511, 166 A.2d 656 (1961). What we said in *West Homestead Borough School District*, supra, speaking through Justice (now Chief Justice) Jones, is pertinent here:

> "For more than 150 years, it has been the rule in Pennsylvania that: "In all cases where a remedy is provided, or duty enjoined, or anything directed to be done by any act or acts of assembly of this commonwealth, the directions of the said acts shall be strictly pursued, and no penalty shall be inflicted, or anything done agreeably to the provisions of the common law, in such cases, further than shall be necessary for carrying such act or acts into effect." Act of 1806, March 21, P.L. 58, 4 Sm.L. 326 § 13; 46 P.S. § 156. See *Calabrese v. Collier Twp. Mun. Auth.*, 430 Pa. 289, 294–95, 240 A.2d 544, 547 (1968).

> "This statute says in unambiguous language that, if the legislature provides a specific, *exclusive*, constitutionally adequate method for the disposition of a particular kind of dispute, no action may be brought in any 'side' of the Common Pleas to adjudicate the dispute by any kind of 'common law' form of action other than the exclusive statutory method. This excludes an action for injunction, or other equitable form of relief, unless the statute provides for it or unless there is some irreparable harm that will follow if the statutory procedure is followed."

440 Pa. at 118, 269 A.2d at 907.[7]

---

7. We note here that in a class action in mandamus seeking to compel refunds to Georgia purchasers of new motor vehicles of the portion of Georgia sales tax attributable to the since repealed federal excise tax, the Supreme Court of Georgia affirmed the dismissal of the complaint by a lower court on the ground that

The appellants in their brief argue that the statutory remedy for obtaining refunds is inadequate to afford relief to the many taxpayers allegedly affected because of the small amounts involved in each individual transaction, and that adequate relief can be realized only by affording all refund claimants a right to assert their claims in a court of equity. We note, however, that the Tax Reform Code is designed to protect the rights of all persons affected by a Commonwealth Court ruling in a single case that a right to refund exists. See Section 253(d) of the Code, supra, 72 P.S. § 7253(d) (Supp. 1975–1976). Moreover, the appellants have not here challenged the constitutionality of the Tax Reform Code insofar as the refund procedure is concerned, nor have they alleged that irreparable harm will stem from that procedure or sought any injunctive relief. In short, the complaint alleges none of the classic grounds which may justify equitable intervention in the operation of a taxing statute. While the decisions of this Court in this general area may have fallen short of consistency, none of them would sustain equitable jurisdiction absent these fundamental attributes of that branch of our jurisprudence. See *Borough of Greentree v. Board of Property Assessment, Appeals and Review of Allegheny County,* 459 Pa. 268, 328 A.2d 819 (1974); *Campbell v. Coatesville Area School District,* 440 Pa. 496, 270 A.2d 385 (1970); *Crosson v. Downingtown Area School District,* 440 Pa. 468, 270 A.2d 377 (1970); *Rochester & Pittsburgh Coal Co. v. Indiana County Board of Assessment & Revision of Taxes,* 438 Pa. 506, 266 A.2d 78 (1970); *Lynch v. Owen J. Roberts School District,* 430 Pa. 461, 244 A.2d 1 (1968); *Studio Theatres, Inc. v. Washington,* 418 Pa. 73, 209 A.2d 802 (1965); *YMCA v. Reading,* 402 Pa. 592, 167 A.2d 469 (1961).

the available statutory procedure for obtaining refunds had not been pursued by the complainant. *Henderson v. Carter,* 229 Ga. 876, 195 S.E.2d 4 (1972).

■■ Furthermore, in seeking to invoke the equitable jurisdiction of the courts by the mere assertion of class status, appellants misapprehend the thrust of our rule permitting class actions. *See* Pa.R.C.P. 2230. The class action in Pennsylvania is a procedural device designed to promote efficiency and fairness in the handling of large numbers of similar claims;[8] class status or the lack of it is irrelevant to the question whether an action is to be heard in equity or at law or whether, indeed, either form is available in light of the statutory remedy. With no independent basis for equity jurisdiction appellants cannot generate it simply by alleging class status. See *Klemow v. Time, Inc.,* 466 Pa. 189, 352 A.2d 12 (1976).

Decree affirmed. Costs on appellants.

EAGEN, J., did not participate in the consideration or decision in this case.

---

8. See *McMonagle v. Allstate Insurance Co.,* 460 Pa. 159, 331 A.2d 467 (1975), *aff'g.* 227 Pa.Super. 205, 324 A.2d 414 (1974). *See generally* Delle Donne & Van Horn, Pennsylvania Class Actions: The Future in Light of Recent Restrictions on Federal Access?, 78 Dick.L.Rev. 460 (1974). The class action device has received increasing attention of late from our appellate courts. See, e. g., *Bell v. Beneficial Consumer Discount Co.,* 465 Pa. 225, 348 A.2d 734 (1975); *Lee v. Child Care Service Delaware County Institution District,* 461 Pa. 641, 337 A.2d 586 (1975); *Buchanan v. Brentwood Federal Savings & Loan Assoc.,* 457 Pa. 135, 320 A.2d 117 (1974); *Pincus v. Mutual Assurance Co.,* 457 Pa. 94, 321 A.2d 906 (1974); *Piltzer v. Independence Federal Savings & Loan Assoc.,* 456 Pa. 402, 319 A.2d 677 (1974); *Metropolitan Hospital v. Department of Public Welfare,* 21 Pa.Cmwlth. 116, 343 A.2d 695 (1975); *Freeport Area School District v. Pennsylvania Human Relations Commission,* 18 Pa.Cmwlth. 400, 335 A.2d 873 (1975).