## Honess v. Aull

*Howard A. Specter* and *James A. Taylor,* for plaintiff.

*Lee C. McCandless,* for defendants.

DILLON, *J.,* March 23, 1977 — This is a class action under Rule 2230 of the Pennsylvania Rules of Civil Procedure.

Plaintiff Honess alleges that he was a tenant of defendants from August, 1973 to May, 1974; that he paid defendants $50 security deposit; and that upon termination of his lease, he provided defendants his new address in writing. Nevertheless, he states, defendants failed to give him a list of claimed damages to the leasehold premises within 30 days after termination of the lease as required by the Act of April 6, 1951, P.L. 69, as amended, 68 P.S. §250.512(b).

Plaintiff, on behalf of himself and all others similarly situated, demands:

(a) Judgment against defendants in an amount equal to double the amount by which the security deposits of plaintiff and the class, including interest thereon, exceeded the actual damages

to the leasehold premises, as provided by 68 P.S. §250.512(c), together with costs of the suit, including a reasonable attorney's fee;

(b) An injunction against the continuation of defendants' unlawful practices, and

(c) Such other and further relief as this court deems appropriate under the circumstances.

Defendants have filed preliminary objections. The preliminary objections are applicable both to the class action allegation and to the underlying merits of the class action claims. Under the rules all objections must be raised at the same time. Bell v. Beneficial Consumer Discount Co., 241 Pa. Superior Ct. 192, 360 A. 2d 681 (1976), is the lead case on the use of preliminary objections as to the class action. However, we concern ourselves with the objections as to the underlying merits of this class action. We note in the Analysis of Proposed Rule 1704 by the Civil Procedural Rules Committee of the Supreme Court this passage: "In class action in equity, the defenses of laches and failure to exercise or exhaust a statutory remedy, and the existence of full, complete and adequate nonstatutory remedy at law, are available as preliminary objections. See Rule 1509; Lilian v. Commonwealth, 467 Pa. 15, 354 A. 2d 250 (1976)." 464 Pa. CXXVII (1976).

Rule 1509 in part provides that the objections of failure to exercise or exhaust a statutory remedy may be raised by preliminary objections, answer or reply, but are not waived if not pleaded. Defendant suggests to this court that each member of the class has an adequate remedy at law.

The remedy is found at 68 P.S. §250.512. This particular section is entitled "Recovery of improp-

erly held escrow funds." Under subparagraph (c), we find that:

"If the landlord fails to pay the tenant the difference between the sum deposited . . .and the actual damages . . .within thirty days after termination of the lease . . . the landlord shall be liable in *assumpsit* to double the amount by which the sum in escrow . . . exceeds the actual damage to the leasehold premises caused by the tenant as determined by any court of record or court not of record having jurisdiction in civil action at law." (Emphasis added.)

To this court, the legislature under this act outlines a statutory procedure and a measure of damages for a wronged tenant. 5 Goodrich-Amram 2nd §1509(b)-1, is authority for the proposition that where a statutory procedure is required, an action in equity will be dismissed for want of jurisdiction. There will be no transfer to the law side of the court. To borrow Justice Pomeroy's statement in Lilian v. Commonwealth, supra: "With no independent basis for equity Jurisdiction [plaintiff] cannot generate it simply by alleging class status." Hence this order.

## ORDER

Now, March 23, 1977, in conformance with the foregoing memorandum opinion, defendant's preliminary objections to the effect that each member of the class has an adequate remedy at law are sustained in that plaintiff here failed to exercise and exhaust the statutory remedy as provided in 68 P.S. §250.512(c). The complaint is therefore dismissed for want of jurisdiction