American Trucking Associations, Inc. et al., Petitioners *v.* James I. Scheiner, Secretary of the Department of Revenue of the Commonwealth of Pennsylvania et al., Respondents.

Argued December 11, 1984, before President Judge CRUMLISH, JR., and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL, DOYLE and BARRY.

*Arthur R. Littleton,* with him, *Mark P. Pazuhanich,* for petitioners.

*Maura A. Johnston,* Deputy Attorney General, with her, *Allen C. Warshaw,* Senior Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondents.

OPINION BY JUDGE MACPHAIL, March 21, 1985:

American Trucking Associations, Inc. and two foreign-based interstate motor carriers (Petitioners) bring an original action[1] for equitable and declaratory relief, seeking a refund of taxes paid for identification markers pursuant to Section 2102(b) of the Vehicle Code, *as amended,* 75 Pa. C. S. §2102(b) (Vehicle Code). Petitioners, on behalf of themselves and others similarly situated, demand a refund of all marker fees paid for the period between August 18, 1980 to April 1, 1982.

In a companion case, *American Trucking Associations, Inc. v. Bloom,* 87 Pa. Commonwealth Ct. 345, A.2d (1985), this Court held that Section 2102(b) of the Vehicle Code, which required that every motor carrier vehicle[2] operating in Pennsylvania bear an identification marker, was unconstitutional because it facially discriminated against foreign motor carrier vehicles. Pursuant to Section 2102(b), operators of foreign-registered vehicles had to pay a $25.00 marker fee, while Pennsylvania-registered motor carriers had the marker fee "deemed a part of and included in the vehicle registration fee." Petitioners in that case, however, only demanded refunds of marker fees paid by

---

[1] *See* Section 761(a)(1) of the Judicial Code, 42 Pa. C. S. §761(a)(1).

[2] A "motor carrier vehicle" is defined as "[a] truck, truck tractor or combination having a gross weight or registered gross weight in excess of 17,000 pounds." Section 102 of the Vehicle Code, 75 Pa. C. S. §102.

class members[3] for the year beginning April 1, 1982. Since we have already decided on the constitutionality of the marker fee, the only issue before us is the refund of the marker fees paid between August 18, 1980 to April 1, 1982.

Respondents[4] have preliminarily objected, alleging that this Court does not have jurisdiction over the instant case because Petitioners did not initially seek refunds from the Board of Finance and Revenue (Board), and hence, have not exhausted their administrative remedies. We agree and will sustain Respondents' preliminary objection on this basis.

Section 503 of The Fiscal Code (Code)[5] sets forth the explicit procedures for the refunding of improperly paid taxes. Under Section 503(a) of the Code, the Board has the power to refund taxes, license fees or other moneys improperly paid to the Commonwealth. Under Section 503(a)(4) of the Code, when any tax or other money has been paid which a court of competent jurisdiction has declared to be unconstitutional, a petition for refund to the Board must be filed within five years of the payment. A decision by the Board may be appealed to this Court on a petition for review, Section 503(e) of the Code.

Petitioners argue that the doctrine of exhaustion of administrative remedies is inapplicable in this instance because 1) this Court has subject-matter jurisdiction over Petitioners' claim for refunds from the *Commonwealth* and 2) the statutory remedy is inadequate because the time, expense and delay of proceeding before the Board would be contrary to the goals

---

[3] Petitioners in that case certified a class, unlike the present action where a class has yet to be certified.

[4] Respondents include the Commonwealth's Secretary of the Department of Revenue, Attorney General and State Police Commissioner.

[5] Act of April 9, 1929, P.L. 343, *as amended*, 72 P.S. §503.

of judicial economy.[6] Petitioners' first contention is without merit because as we have previously stated, Petitioners have a statutory remedy prescribed in the Code which they must follow *before* we can review the matter of tax refunds. Addressing Petitioners' second contention, our Supreme Court in *Shenango Valley Osteopathic v. Department of Health,* 499 Pa. 39, 48, 451 A.2d 434, 438 (1982), in clarifying its plurality opinion in *Borough of Green Tree v. Board of Property Assessments,* 459 Pa. 268, 328 A.2d 819 (1974), stated "the doctrine of exhaustion of remedies would not bar equitable intervention where there are both a substantial question of constitutionality *and* the absence of an adequate statutory remedy." In the instant case, this Court has already decided the constitutionality of the marker fees, and Petitioners are not challenging the constitutionality of the Code or the Board's power to administer the refunds.[7] Petition-

---

[6] Petitioners also contend that in *American Trucking Associations, Inc. v. Bloom,* 87 Pa. Commonwealth Ct. 345,     A.2d (1985), the parties stipulated that "no affected motor carrier will be required to proceed before the Board of Finance and Revenue or otherwise come forward with any type of proof in order to be entitled to such refund" and that this stipulation binds the parties in this action to seek refunds in this Court. We need not reach the merits of this contention since the stipulation in that case is not binding on the case *sub judice,* and in any event the parties could not stipulate to facts affecting the jurisdiction of this Court. *Conyer v. Borough of Norristown,* 58 Pa. Commonwealth Ct. 629, 632, 428 A.2d 749, 751 (1981).

[7] Section 503(a) of The Fiscal Code, Act of April 9, 1929, P.L. 343, *as amended,* 72 P.S. §503(a) states in pertinent part:

The Board of Finance and Revenue shall have the power, and its duty shall be,

(a) Except as hereinafter provided with respect to the Department of Transportation, to hear and determine any petition for the refund of taxes, license fees, penalties, fines, bonuses or other moneys paid to the Commonwealth and to which the Commonwealth is not rightfully or equitably entitled. . . .

ers, therefore, do not have a substantial question of constitutionality to bar the exhaustion of remedies.

Petitioners argue that there are over 25,000 affected interstate motor carriers who have paid in excess of $9 million in marker fee taxes, which will inevitably cause an extreme delay in the administration of refunds. This alleged class of 25,000 interstate motor carriers has yet to be certified. Petitioners contend that this Court should decide the refund matter because it would promote judicial efficiency. We disagree. This Court has no record of how many interstate motor carriers are involved or what amount of taxes was paid by each affected motor carrier. These matters have been statutorily prescribed to the Board under the Code and this Court will not prematurely interrupt this administrative process.

Our Supreme Court in *Lilian v. Commonwealth,* 467 Pa. 15, 354 A.2d 250 (1976), addressed a similar argument, when appellants there argued that the statutory remedy of obtaining sales tax refunds under the Code was inadequate because of the numerous taxpayers involved. The supreme Court in *Lilian* stated "class status or the lack of it is irrelevant to the question whether an action is to be heard in equity or at law or whether, indeed, either form is available in light of the statutory remedy. With no independent basis for equity jurisdiction appellants cannot generate it simply by alleging class status." *Id.* at 21, 354 A.2d at 254. Likewise, Petitioners here cannot invoke equitable jurisdiction to circumvent their administrative remedy by the mere assertion that numerous interstate motor carriers will have to pursue their refunds under the Code.

Turning now to Petitioners' request for declaratory relief, we note that under the Declaratory Judgments Act (Act), Section 7541(c)(2) of the Judicial

Code, 42 Pa. C. S. §7541(c)(2), "[r]elief shall not be available under this (Act) with respect to any: . . . (p)roceeding within the exclusive jurisdiction of a tribunal other than a court." *Myers v. Department of Revenue*, 55 Pa. Commonwealth Ct. 509, 513, 423 A. 2d 1101, 1103 (1980). Respondents' preliminary objection raising the issue of this Court's jurisdiction is, therefore, sustained.

ORDER

Respondents' preliminary objection in the above captioned matter is hereby sustained.

President Judge CRUMLISH, JR., and Judge WILLIAMS, JR., dissent.

This decision was reached prior to the resignation of Judge WILLIAMS, JR.