IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Nissim Martel and    :
Ester Martel, husband and wife,  :
on behalf of themselves and all  :
others similarly situated,    :
       Appellants :
           :
      v.     :
           :
Allegheny County, City of Pittsburgh, :
Pittsburgh Public Schools, and  :
Allegheny County Board of   : No. 568 C.D. 2018
Assessment Appeals and Review  : Argued:  October 15, 2018


BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
      HONORABLE CHRISTINE FIZZANO CANNON, Judge
      HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge



OPINION
BY JUDGE FIZZANO CANNON    FILED:  August 14, 2019


    Joseph Nissim Martel and Ester Martel, husband and wife, (the Martels) on behalf of themselves and all others similarly situated (Property Owners) appeal from the March 29, 2018 order of the Allegheny County Court of Common Pleas (trial court) dismissing their class action complaint in equity, seeking relief from property reassessments ordered by the Allegheny County Board of Assessment Appeals and Review (Board).  The Board ordered the reassessments based on assessment appeals brought by the Pittsburgh Public Schools (School District), Allegheny County (County) and the City of Pittsburgh (City) (collectively, Taxing Authorities), where they introduced evidence of current market values to support

their request for increased assessments. Property Owners contested the Taxing Authorities' power to bring the appeals and to rely on current market values, arguing that this conduct violated, in relevant part, laws enacted by Allegheny County pursuant to the Home Rule Charter and Optional Plans Law, 53 Pa.C.S. § 2964, and the Uniformity Clause of the Pennsylvania Constitution, Pa. Const. art. VIII, § 1. The Taxing Authorities and the Board raised several preliminary objections to the complaint and the trial court dismissed it for lack of legal sufficiency.[1] Upon review, we agree that the trial court properly dismissed the complaint; however, we affirm on another basis,[2] concluding that the trial court should have instead sustained the preliminary objections that Property Owners failed to exhaust the remedies available to them pursuant to the law known as the Second Class County Assessment Law (Assessment Law).[3]

On July 28, 2017, Property Owners filed a one-count class action complaint with the trial court alleging the following facts.[4] Property Owners are individuals who own real estate in the County and include the Martels. Complaint ¶ 5. The County, which is a home rule municipality, has been under a base year assessment system since 2002. *Id.* ¶¶ 7 & 9. The last countywide reassessment was in 2012, which is the current established base year for the County. *Id.* ¶ 8.

---

[1] Pennsylvania Rule of Civil Procedure No. 1028(a)(4) and (7) provides that "[p]reliminary objections may be filed by any party to any pleading and are limited to the following grounds . . . legal insufficiency of a pleading (demurrer) [and] . . . failure to exercise or exhaust a statutory remedy." Pa.R.C.P. No. 1028(a)(4) & (7).

[2] An appellate court may affirm on other grounds where grounds for affirmance exist. *FP Willow Ridge Assocs., L.P. v. Allen Twp.*, 166 A.3d 487, 496 n.11 (Pa. Cmwlth. 2017).

[3] Act of June 21, 1939, P.L. 626, *as amended*, 72 P.S. §§ 5452.1-5452.20.

[4] When considering preliminary objections, we must accept as true all well-pleaded material facts alleged in the complaint and all reasonable inferences deducible therefrom. *Minor v. Kraynak,* 155 A.3d 114, 121 (Pa. Cmwlth. 2017).

On or about November 13, 2015, the Martels purchased their property located at 6340 Darlington Road, Pittsburgh, for the sum of $750,000. Complaint ¶ 24. At the time, the Martels' property had a base year (2012) assessed value of $464,700. *Id.* ¶ 26. On May 10, 2016, the School District initiated an appeal with the Board of the assessed value of the Martels' property for the 2016 tax year; though, at the time, "there had been no material additions or removal of improvements to the [Martels'] [p]roperty or physical changes in the land." *Id.* ¶¶ 25-26. At the hearing on the matter, the School District "stated that it was appealing the assessed value of the [Martels'] [p]roperty on the basis of current market value." *Id.* ¶ 28. After taking evidence, the hearing examiner recommended to the Board an order to change the assessed value of the Martels' property from $464,700 to $690,000, which the Board adopted. *Id.* ¶¶ 34 & 36. Property Owners contended that the Board erred by increasing the assessment on the Martels' property "based solely upon improperly submitted evidence of the sales price of the subject [p]roperty and other property sales that all took place after the base year." *Id.* ¶ 36. Property Owners appealed the Board's decision to the Allegheny County Court of Common Pleas Board of Viewers. *Id.* ¶ 37.

Property Owners allege that this matter is appropriately brought as a class action[5] because the Taxing Authorities have initiated assessment appeals similar to the Martels' appeal on "approximately 200 or more" properties recently sold in Allegheny County, Complaint ¶ 44, and have accepted "the increased tax revenues associated with the same." *Id.* ¶ 17. Property Owners assert that the Taxing Authorities do not have the right to appeal the assessed values on the basis of current

---

[5] The trial court had before it the allegations made by Property Owners that their action met the requirements for a class action, but the trial court had not yet certified this matter as a class action pursuant to Pennsylvania Rule of Civil Procedure No. 1702, Pa.R.C.P. No. 1702.

market value pursuant to Section 5-207.06(B)(7) of the Allegheny County Administrative Code (Administrative Code)[6] and Board Rule IV, Section 3A (Board Rule).[7] Complaint ¶¶ 13 & 15. In support, Property Owners explain that the Administrative Code provides that the Board is "precluded from increasing the base year assessment value of a property absent physical changes or improvements to the property," *id*. ¶ 14, and the Board Rule allows only the owners, not the Taxing Authorities, to "elect to use current fair market value in determining the assessed value of the subject property on appeal." *Id*. ¶ 16. Property Owners further allege that the County and the Board are outsourcing their duties to "conduct regular countywide reassessments to the . . . [T]axing [A]uthorities" resulting in "*de facto* spot reassessments" and illegal taxation by changing the assessments through the appeal process in violation of the Uniformity Clause of the United States and

---

[6]Allegheny County, Pa., Administrative Code § 5-207.06(B)(7) (2016). Section 5-207.06(B)(7) of the Administrative Code provides, in relevant part:

> All appeals filed while the County is under the base year form of assessment shall be deemed to include an appeal by the taxpayer of the base year valuation. In addition, the appellant may elect to have the appeal heard solely on the issue of whether the base year value is correct or incorrect . . . . Except to correct clerical or mathematical errors or to correct a base year value, the Board *may not adjust* a base year *value unless* it is established *by clear and convincing evidence* that there has been: (1) an addition or removal of improvements on the subject property; or (2) physical changes in the land of the subject property. In no case may the Board permit an increase in the base year value founded, in whole or in part, upon a sale in a year subsequent to the established base year.

(Emphasis in original.); Reproduced Record (R.R.) 182a.

[7]Allegheny County, Pa., Board of Property Assessment Appeals and Review Rules and Regulations, Rule IV, § 3A (Jan. 2010). Board Rule IV, Section 3A provides, in relevant part, "[t]he determination of value will be based on the prevailing base year as established by the County or, at the election of the property owner, as the fair market value for the tax year at issue, in accordance with Pennsylvania law." R.R. 172a.

4

Pennsylvania Constitutions, the Administrative Code, Board Rule, and other pertinent laws. *Id*. ¶¶ 18 & 19-22.

In their request for relief, Property Owners asked the trial court to: (1) enjoin the Taxing Authorities and the Board from appealing property tax assessments based on current fair market values and/or increasing the assessments where the appeal has not been initiated by taxpayers; (2) order the Board to "roll back" the assessed values of all affected properties to the 2012 base year valuation to provide prospective tax relief for "taxpayers" per the act known as the Refund Act, Act of May 21, 1943, P.L. 349, *as amended*, 72 P.S. §§ 5566b-5566c; (3) declare that the increased tax revenues collected have been "unlawfully obtained" and direct the Board to provide "written notice" to all affected taxpayers of their right to seek a refund within the applicable three-year period provided in 72 P.S. § 5566b, Section 1 of the Act of May 21, 1943, P.L. 349, *as amended*; (4) direct the Board to promulgate reasonable rules and regulations regarding the tax refund procedure; (5) declare that the Taxing Authorities and the Board's improper conduct violates the Uniformity Clause, Administrative Code, Board Rule, and other pertinent law; (6) award Property Owners attorneys' fees and costs; and (7) provide any further relief as is "just and proper" under the circumstances. Complaint Wherefore Clause ¶¶ (a)-(g).

The Taxing Authorities and the Board responded to the Property Owners' complaint by each filing preliminary objections in the nature of a demurrer. The Board and the Taxing Authorities objected to the complaint arguing, *inter alia*, that Property Owners failed to exhaust their statutory remedies, as the Martels appealed the Board's reassessment to the Court of Common Pleas Board of Viewers and that case is ongoing. Board & School District's POs ¶¶ 5-6 & 53-54; County's

POs ¶ 10 & City's POs ¶ 12.  The Board and the School District also objected on the following grounds:  (1) the Administrative Code and Board Rule relied upon by Property Owners violate the Consolidated County Assessment Law, 53 Pa.C.S. § 8855,[8] and, therefore, cannot support their claim; (2) Property Owners' assertion of a "class" is baseless as the class is comprised of zero members; (3) a class action is not available for seeking tax refunds as a matter of law; and (4) Property Owners failed to join indispensable parties, *i.e.*, other school districts in the County, which could be affected by the decision in this matter.  Board and School District's POs ¶¶ 15, 27, 46-47, 50, 62, 65 & 68.  The County and City objected that Property Owners pled no specific facts showing that they commenced or participated in the assessment hearings.  County's POs ¶ 7 & City's POs ¶ 8.  The City made two additional objections: (1) the matter against it is not ripe as it "has done nothing" to Property Owners and (2) Property Owners fail to allege an actual harm as they still may succeed on their assessment appeal before the Court of Common Pleas Board of Viewers.  City's POs ¶¶ 9 & 13.

Following briefing and oral argument on the preliminary objections, the trial court sustained, in part, and overruled, in part, the objections and dismissed the complaint.  Trial Court Order dated 3/29/18.  The trial court dismissed the complaint

---

[8] 53 Pa.C.S. § 8855 provides:

> A taxing district shall have the right to appeal any assessment within its jurisdiction in the same manner, subject to the same procedure and with like effect as if the appeal were taken by a taxable person with respect to the assessment and, in addition, may take an appeal from any decision of the board or court of common pleas as though it had been a party to the proceedings before the board or court even though it was not a party in fact.  A taxing district authority may intervene in any appeal by a taxable person under section 8854 (relating to appeals to court) as a matter of right.

by sustaining the Board and School District's objection that the Administrative Code and Board Rule relied upon by Property Owners, as written, violate state law and therefore their complaint is "legally insufficient." *Id*. at 5.  In sustaining the Board and School District's objection, the trial court did not rely upon Section 8855 of the Consolidated County Assessment Law, as suggested by the Board and School District, to reach its conclusion.  Instead, the trial court concluded that the Administrative Code and Board Rule violate Section 3107-C(h)(8) of the act known as the Second Class County Charter Law,[9] Act of July 28, 1953, P.L. 723, *as amended*, added by the Act of May 20, 1997, P.L. 149, 16 P.S. § 6107-C(h)(8).  Trial Court Opinion at 17.

The trial court explained that the Administrative Code and Board Rule allow only the taxpayer, not the Taxing Authorities, to elect to have the determination of value of a property during an assessment appeal based upon the current fair market value.  Trial Court Opinion at 15.  Because the Administrative Code and Board Rule restrict Taxing Authorities' rights during an assessment appeal to "something less than what taxpayers are entitled to," the trial court held that these laws are invalid as they conflict with the authority granted to Taxing Authorities in Section 520 of The General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. § 5020-520.[10]  Trial Court Opinion at 16.

---

[9] We note that the Second Class County Charter Law is part of the Second Class County Code, Act of July 28, 1953, P.L. 723, *as amended*, 16 P.S. §§ 3101-6302.

[10] In so concluding, the trial court explained that Section 10 of the Assessment Law, 72 P.S. § 5452.10, does not give taxing authorities the ability to have their appeals heard on the basis of current market value, although taxpayers have that right.  Trial Court Opinion at 13.  However, the trial court explained that this right "may be most clearly extended to taxing [authorities] through The General County Assessment Law."  *Id*. at 13-14.  Because there is no inconsistency between Section 10 of the Assessment Law and Section 520 of The General County Assessment Law, the trial court concluded that Section 520 "permits a taxing [authority], during an appeal of

The trial court further concluded that the Administrative Code is invalid because it violates the Assessment Law and the trial court's prior holding in *Daugherty v. County of Allegheny*, (No. GD-06-013464, C.C.P. Allegheny Cty., filed September 6, 2006), *affirmed*, 920 A.2d 936 (Pa. Cmwlth. 2007), which requires the Board to determine the current market value of the property for the tax year in question during an assessment appeal regardless of whether taxpayer or taxing authority elects a current market value methodology on appeal. Trial Court Opinion at 17-18. The trial court further sustained the objections that a class action is not, as a matter of law, available for tax refunds and that Property Owners failed to join indispensable parties. *Id*. at 8-9 & 28-29. The trial court overruled the remaining objections, and Property Owners brought this appeal.[11]

Before this Court, the parties present several arguments addressing the trial court's analysis, including the validity of the Administrative Code and Board Rule. However, we do not reach those arguments. Though we conclude that the trial court correctly dismissed Property Owners' Complaint, the trial court did not have the authority to address the legal issues raised therein because the appeals process provided in the Assessment Law enables Property Owners to obtain the relief they seek. Property Owners had to exhaust the appeals process provided by

a tax assessment, to have the property at issue assessed based on the current market value of the property." *Id*. at 14.

[11] Our review of a trial court's order sustaining preliminary objections and dismissing a complaint is limited to a determination of whether the court abused its discretion or committed an error of law. *Minor*, 155 A.3d at 121. A preliminary objection should be sustained only in cases when, based on the facts pleaded, it is clear and free from doubt that the facts pleaded are legally insufficient to establish a right to relief. *Id*. Because a preliminary objection in the nature of a demurrer presents a question of law, our standard of review is *de novo* and our scope of review is plenary. *Id*.

8

the Assessment Law before bringing their complaint to the trial court as reflected in basic legal principles.

A party may not seek judicial resolution of a dispute until he or she has exhausted available statutory or administrative remedies. 1 Pa.C.S. § 1504; *City of Philadelphia v. Lerner*, 151 A.3d 1020, 1024 (Pa. 2016) (citing *Canonsburg Gen. Hosp. v. Dep't of Health*, 422 A.2d 141, 144 (Pa. 1980)). The doctrine "reflects a recognition of the general assembly's directive of strict compliance with statutorily prescribed remedies" and it also acknowledges that "an unjustified failure to follow the administrative scheme undercuts the foundation upon which the administrative process was founded." *Jordan v. Fayette Cty. Bd. of Assessment Appeals*, 782 A.2d 642, 646 (Pa. Cmwlth. 2001) (quoting *Shenango Valley Osteopathic Hosp. v. Dep't of Health*, 451 A.3d 434 (Pa. 1982)). If a party fails to pursue a statutory remedy, the court is without power to act until the statutory remedies have been exhausted, even in cases where a constitutional question is presented. *Muir v. Alexander*, 858 A.2d 653, 660 (Pa. Cmwlth. 2004).

Here, the trial court overruled the Taxing Authorities' and Board's objections that Property Owners failed to exhaust their statutory remedies at law. Trial Court Order ¶ 2. In so doing, the trial court explained, relying on *Beattie v. Allegheny County*, 907 A.2d 519 (Pa. 2006), that it could exercise equitable jurisdiction to adjudicate Property Owners' complaint if two factors are met: (1) there is a lack of an adequate remedy and (2) a substantial constitutional question is raised. Trial Court Opinion at 3. The trial court reasoned that there is a lack of an adequate remedy because Property Owners seek a declaration to require the Taxing Authorities to follow the requirements of the Administrative Code and Board Rule but this relief is not available through the appeals process provided by the

Assessment Law. *Id*. at 5. The trial court acknowledged that "[t]he heart of the argument between the parties as to [Property Owners'] obligation to exhaust administrative/statutory remedies is really with respect to . . .whether there is a lack of an adequate statutory remedy."[12] *Id*. at 4. The trial court also concluded that Property Owners raised a substantial constitutional question because they raised a uniformity challenge under both the Pennsylvania and United States Constitutions. *Id*. at 3-4. Though the trial court applied the proper two-prong test set forth in *Beattie* to ascertain whether it could exercise equity jurisdiction of the complaint, the trial court erred in its application of this test.

First, the trial court erred in its application of the *Beattie* test when it concluded that Property Owners could not obtain the relief they seek in their complaint by following the appeals process provided in the Assessment Law. In their complaint, Property Owners seek the following: (1) injunctive and declaratory relief against the Taxing Authorities to prohibit them from appealing property assessments; (2) reassessments on their properties; (3) an opportunity to obtain tax refunds; and (4) attorneys' fees and costs. Complaint Wherefore Clause ¶¶ (a)-(e). Addressing first the relief in the form of reassessments and refunds, we conclude that Property Owners can obtain this relief through the process provided by the Assessment Law.

The Assessment Law specifically grants the Board the "power" and "duty" "[t]o hear all cases of appeals from assessments, and *all complaints as to assessments*, errors, exonerations *and refunds*." Section 4 of the Assessment Law,

---

[12] The trial court, following our Supreme Court's lead in *Beattie*, addressed the substantial constitutional question factor before it addressed the availability of an adequate remedy at law factor. In this opinion, we will consider the failure to exhaust remedies factor of the *Beattie* test first because the trial court acknowledged that this issue was the heart of the parties' arguments and we agree.

72 P.S. § 5452.4(c) (emphasis added). "[A]ny taxable person may apply to the board for the reassessment of any subject of taxation which he considers incorrectly assessed or as to which he considers himself entitled to a change in valuation. . . ." Section 14 of the Assessment Law, 72 P.S. § 5452.14. If a taxpayer prevails on his or her appeal and the Board or trial court lowers the assessed value of his or her real estate, the taxpayer will be entitled to a refund for the tax years at issue and interest. Section 17(a) of the Assessment Law, 72 P.S. § 5452.17(a). However, if the Board renders a decision regarding the reassessments and refunds that the taxpayer disagrees with, the aggrieved taxpayer may file an appeal to the trial court. Section 11 of the Assessment Law, 72 P.S. § 5452.11; *Chartiers Valley Sch. Dist. v. Bd. of Prop. Assessment, Appeals & Review*, 622 A.2d 420, 427 (Pa. Cmwlth. 1993) (explaining that the trial court conducts a *de novo* hearing on assessment appeals referenced in 72 P.S. § 5452.11).

As for Property Owners' request for injunctive and declaratory relief and attorneys' fees and costs, if they are unsuccessful before the Board on their claims for reassessments and refunds, they can seek this additional relief from the trial court in their appeal as provided by 72 P.S. § 5452.11. Property Owners may seek an injunction pursuant to Pennsylvania Rule of Civil Procedure No. 1531[13] and

---

[13] Pennsylvania Rule of Civil Procedure No. 1531(a) provides:

> A court shall issue a preliminary or special injunction only after written notice and hearing unless it appears to the satisfaction of the court that immediate and irreparable injury will be sustained before notice can be given or a hearing held, in which case the court may issue a preliminary or special injunction without a hearing or without notice. In determining whether a preliminary or special injunction should be granted and whether notice or a hearing should be required, the court may act on the basis of the averments of the pleadings or petition and may consider affidavits of parties or third persons or any other proof which the court may require.

may seek a declaration regarding the Administrative Code and Board Rule as provided in Section 7532 of the Declaratory Judgments Act, 42 Pa.C.S. § 7532.[14] Similarly, Property Owners may request attorneys' fees and costs from the trial court due to the Board's failure to provide them with the requested assessment and refund relief pursuant to Section 2503 of the Judicial Code, 42 Pa.C.S § 2503.[15]

---

Pa.R.C.P. No. 1531(a).

[14] Section 7532 provides:

> Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.

42 Pa. C.S. § 7532.

[15] Section 2503 of the Judicial Code provides, in pertinent part:

> The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter . . . .
>
> (6) Any participant who is awarded counsel fees as a sanction against another participant for violation of any general rule which expressly prescribes the award of counsel fees as a sanction for dilatory, obdurate or vexatious conduct during the pendency of any matter.
> (7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.
> (8) Any participant who is awarded counsel fees out of a fund within the jurisdiction of the court pursuant to any general rule relating to an award of counsel fees from a fund within the jurisdiction of the court.
> (9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.
> (10) Any other participant in such circumstances as may be specified by statute heretofore or hereafter enacted.

Property Owners, here, acknowledged that one of their complainants, the Martels, commenced the appeals process under the Assessment Law. The Martels filed an appeal with the Board with respect to their property assessment but the Board did not provide the relief they sought so they filed a timely appeal of the Board's decision with the "Court of Common Pleas Board of Viewers and docketed at No. BV-001316." Complaint ¶ 37. Because the Martels appealed the Board's decision to the trial court as provided by the Assessment Law, they may seek injunctive and declaratory relief, in addition to attorneys' fees, costs, and any other relief to which they contend they are entitled as a result of the Board's failure to properly grant them relief on the assessments and refunds. The legislature provided an appeals process per the Assessment Law to obtain the relief sought in the complaint, and the process must be followed exclusively. *Lilian v. Commonwealth,* 354 A.2d 250, 252-53 (Pa. 1976) (explaining that where the legislature provides a statutory form of relief, it must be followed exclusively).

Although Property Owners brought their complaint in the form of a class action lawsuit to support their assertion that equity jurisdiction is appropriate, Complaint ¶ 42, it is well-settled that where the General Assembly has provided a specific statutory remedy, the asserted need for a class action will not justify a deviation from the statutory remedy. *Zarwin v. Montgomery Cty.*, 842 A.2d 1018, 1023 (Pa. Cmwlth. 2004) (citing *Lilian*, 354 A.2d 250). In *Lilian*, our Supreme Court explained:

> The class action in Pennsylvania is a procedural device designed to promote efficiency and fairness in the handling of large numbers of similar claims; class status

_____

42 Pa. C.S. § 2503.

13

or the lack of it is irrelevant to the question of whether an action is to be heard in equity or at law or whether, indeed, either form is available in light of the statutory remedy. *With no independent basis for equity jurisdiction [taxpayers] cannot generate it simply by alleging class status*.

*Lilian*, 354 A.2d at 253-54 (emphasis added). Further,

if the legislature provides a specific, [e]*xclusive*, constitutionally adequate method for the disposition of a particular kind of dispute, no action may be brought in any 'side' of the Common Pleas to adjudicate the dispute by any kind of 'common law' form of action other than the exclusive statutory method.

*Id.* (citing *Sch. Dist. of Borough of W. Homestead v. Allegheny Cty. Bd. of Sch. Dirs.*, 269 A.2d 904, 907 (Pa. 1970)) (emphasis added). This Court has also held that "a class action will not be permitted where only an individual cause of action has been recognized." *Zarwin*, 842 A.2d at 1024. This Court has recognized an individual cause of action in cases where a taxpayer seeks a tax refund and the statute provides a process. *Id.* (citing *Aronson v. City of Pittsburgh*, 510 A.2d 871, 873 (Pa. Cmwlth. 1997)). If the relevant refund statute provides a specific process for an individual to obtain a refund, such as filing a petition with the taxing authority, then this Court has held that this process must be followed as "the Legislature has seen fit to give only the aggrieved individual the right to sue for a refund. This right is personal and may not be transferred to another by way of class action." *Id.*

Here the Assessment Law provides that the Board is to hear "all complaints" relating to assessments and that *"any taxable person* may apply to the board for the reassessment of any subject of taxation which he considers incorrectly assessed or as to which *he considers himself* entitled to a change in valuation. . . ."

14

72 P.S. § 5452.14 (emphasis added). The legislature has seen fit to give only the aggrieved individual, taxable person the right to seek a reassessment and, therefore, each of the Property Owners, like the Martels, must avail themselves of this process to obtain a reassessment. *See Zarwin*, 842 A.2d at 1024. Because the Assessment Law provides a process for the individual Property Owners to adequately obtain the relief they seek, this class action lawsuit is not proper.[16]

Second, the trial court erred in its application of the *Beattie* test when it concluded that Property Owners raise a substantial constitutional question in the form of a uniformity challenge to provide the basis for equity jurisdiction. Trial Court Opinion at 4. The trial court reasoned:

> [Property Owners] do not argue that the [Administrative] Code and Board Rule[] are unconstitutional on their face or that they are being unconstitutionally misapplied, but rather that they are not being applied at all. [Taxing Authorities] do not dispute this factual contention. *In my view, whether characterized as an "as-applied" constitutional challenge or not, [Property Owners] plainly assert a fundamental constitutional violation which is integrally connected to, if not a fundamental element of, the precise statutory remedy that [Taxing Authorities] assert [Property Owners] must first exhaust.*

---

[16] Likewise, we note that Property Owners also request a "roll back" of the assessed values of all affected properties to the 2012 base year valuations and to provide prospective relief per the Refund Act. Complaint Wherefore Clause ¶(b). But, Property Owners may seek this relief from the trial court in their individual assessment appeals as provided by the Assessment Law. With respect to the Refund Act, this Court in *Jordan* held that the statutory remedies provided by it are sufficient for taxpayers to obtain a tax refund. *Jordan*, 782 A.2d at 645. *See also Dunn v. Bd. of Prop. Assessment, Appeals & Review of Allegheny Cty.*, 877 A.2d 504, 513 (Pa. Cmwlth. 2005) (explaining that it is equally well settled that taxpayers may not seek a refund of taxes pursuant to federal law and the constitutions because "the Refund Act and [T]he General County Assessment Law provide a plain, adequate and complete statutory remedy for the purportedly unlawful tax assessments."). Once the trial court addresses the individual Property Owners' request for a roll back in their assessment appeals, Property Owners may follow the process provided by the Refund Act, if needed.

*Id.* (emphasis added). Contrary to what the trial court stated, it is relevant whether the constitutional challenge brought by Property Owners is a challenge to the application of the statute or a frontal attack sufficient to be deemed a substantial constitutional question under *Beattie*.

In *Jordan*, this Court explained that the exercise of equity jurisdiction *is* appropriate when a "substantial frontal attack" to the statute is brought but it is *not* appropriate when the challenge pertains to the application of the statute. *Jordan*, 782 A.2d at 646 (citing *Borough of Green Tree v. Bd. of Prop. Assessments, Appeals & Review of Allegheny Cty.*, 328 A.2d 819, 825 (Pa. 1974)). "[T]he more direct the attack on the statute, the more likely it is that exercise of equitable jurisdiction will not damage the role of the administrative agency charged with enforcement of the act, nor require, for informed adjudication, the factual fabric which might develop at the agency level." *Borough of Green Tree*, 328 A.2d at 825. Consequently, when a constitutional attack is brought as to the application of a tax statute, the board is the proper authority to hear the challenge. *Jordan*, 782 A.2d at 646. Relying on this reasoning, this Court held in *Jordan* that the trial court properly dismissed a complaint in equity, which included a 42 U.S.C. § 1983 claim and a uniformity claim, on the basis of preliminary objections asserting that "equity should not exercise jurisdiction to address a claim for which there is an adequate statutory remedy." *Id.* at 645.

Here, Property Owners allege that the Board failed to apply the Administrative Code and Board Rule by allowing Taxing Authorities to rely on evidence of current market value, rather than using the base year assessment system, to seek reassessments on recently purchased properties in the County. Complaint ¶ 17. Property Owners allege that this conduct "outsources the obligation of the

16

County and its Appeals Board to conduct regular countywide reassessments," results in *de facto* spot reassessments, and violates the uniformity clause and due process clauses of the federal and state constitutions. Complaint ¶¶ 18-22. Property Owners, however, are not raising a frontal attack to the Administrative Code and Board Rule; rather, as the trial court observed, Property Owners seek application of these laws.

In their request for relief, Property Owners seek an order to prohibit the Taxing Authorities from bringing assessment appeals on the basis of properties' current market values and to require the Board to issue rules and regulations pertaining to tax refunds, and seek attorneys' fees and costs. Complaint Wherefore Clause ¶¶ (a), (d) & (f). Property Owners allege that the Taxing Authorities' conduct of bringing assessment appeals on recently sold properties violates, in relevant part, the plain language of the Administrative Code and Board Rule and seek a declaration to that effect. *Id*. ¶ (e). Because Property Owners' challenge is to the manner in which the Taxing Authorities apply (or in this case refuse to apply) the Administrative Code and Board Rule, the Board is the proper authority to hear the assessment appeal as provided in the Assessment Law. *Jordan*, 782 A.2d at 646.[17]

---

[17] Though the Martels rely on *Valley Forge Towers Apartments N, LP v. Upper Merion Area School District*, 163 A.3d 962 (Pa. 2017), to support their argument that their complaint should proceed, this case is not binding here. In *Valley Forge*, the Supreme Court concluded that the plaintiffs asserted a valid uniformity challenge under the Pennsylvania Constitution, requiring intervention by the courts. *Id*. at 980. Notably, the only issue our Supreme Court accepted for review was the uniformity challenge and it expressly limited its holding to the conclusion that the assessment appeal policy at issue violated the uniformity clause where it classified properties by type and/or the residency status of their owners. *Id*. at 972 & 980. The policy at issue involved the school district appealing individual property assessments "to concentrate solely on commercial properties while foregoing appeals as to single-family residences which may have even lower assessment ratios." *Id*. at 969.

The Supreme Court's holding in *Valley Forge* did not create a rule that all assessment laws fail to provide an adequate and available administrative remedy in cases where plaintiffs "allege" a uniformity challenge. Moreover, the holding in *Valley Forge* did not change the longstanding rule that parties must exhaust their administrative remedies before seeking relief from the court in an equity action.

17

For the aforementioned reasons, we conclude that the trial court properly dismissed Property Owners' complaint. Accordingly, we affirm on other grounds the trial court's order to dismiss the complaint as set forth in this opinion.

_____
CHRISTINE FIZZANO CANNON, Judge


Judge Wojcik did not participate in the decision of this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Nissim Martel and      :
Ester Martel, husband and wife,   :
on behalf of themselves and all   :
others similarly situated,         :
                   Appellants   :
                            :
        v.                :
                            :
Allegheny County, City of Pittsburgh,  :
Pittsburgh Public Schools, and   :
Allegheny County Board of     :   No. 568 C.D. 2018
Assessment Appeals and Review  :

O R D E R


AND NOW, this 14th day of August, 2019, the March 29, 2018 order of the Court of Common Pleas of Allegheny County is AFFIRMED on other grounds as explained in the foregoing opinion.


_____
CHRISTINE FIZZANO CANNON, Judge