# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michelle H. Kichline, Kathi Cozzone : 
and Terence Farrell in their official : 
capacities as the Commissioners of : 
Chester County and the County of : 
Chester, Pennsylvania, : 
            : 
             Appellants : 
              : No. 59 C.D. 2020
         v. : No. 67 C.D. 2020
              : Argued: November 9, 2020
Sunoco Pipeline, L.P. : 

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge[1]
                  HONORABLE MICHAEL H. WOJCIK, Judge (P.)
                  HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                         FILED: January 7, 2021

        Michelle H. Kichline, Kathi Cozzone, and Terrence Farrell in their official capacities as the Commissioners of Chester County (Commissioners) and the County of Chester, Pennsylvania (collectively, County), appeal the order of the Chester County Court of Common Pleas (trial court) denying their request for declaratory and injunctive relief to prevent Sunoco Pipeline, L.P. (Sunoco) from using the "traditional open trench method" of constructing its Mariner East 2

---

[1]The decision in this case was reached before January 4, 2021, when President Judge Leavitt served as President Judge.

Pipeline (Pipeline) on County-owned land rather than the previously agreed to "horizontal direction drill method." We affirm.

On February 2, 2017, Sunoco and County entered into two permanent easement agreements (Easements) to facilitate Sunoco's construction of its Pipeline under and across County-owned library property and trail property in West Whiteland Township. The Easements provide, in pertinent part:

> 1. The right to use the Permanent Easement shall belong to [Sunoco] and its agents, employees, designees, contractors, guests, invitees, successors and assigns, and all those acting by or on behalf of it for the purposes of establishing, laying, constructing . . . [and] installing . . . two pipelines, for the transportation of products that [Sunoco] has the right to transport pursuant to its certificate of public convenience issued by [the Public Utility Commission (PUC)] pursuant to the Public Utility Code[, 66 Pa. C.S. §§101-3316] . . . .
>
> 2. [Sunoco] shall install the Pipelines via road bore method or horizontal direction drilling method which shall not disturb the surface of the Property, *however* [*Sunoco*] *reserves the right to install the Pipelines via traditional open trench method should conditions beyond [Sunoco's] reasonable control necessitate it*. . . . *Should the aforementioned event occur*, [*Sunoco*] *shall obtain written permission from* [*the County*], *which shall not be unreasonably withheld, conditioned, or delayed*, and shall make additional payment to [the County] for the use of a temporary construction easement (the "Temporary Easement"). All rights, duties and/or obligations arising by or under this Easement shall only apply to the Temporary Easement while same is in effect.
>
> * * *
>
> 21. [*The County*] and [Sunoco] *shall* execute and deliver any instruments and documents and *take such action as may be necessary or reasonably requested or*

> *required by the other party to give full force and effect*
> *to this Easement and to carry out its intent*.

Reproduced Record (R.R.) at 49a-50a, 53a (emphasis added). At some point following the execution of the Easements, it was determined that Sunoco's use of the horizontal direction drilling method had the potential to adversely impact the County's public water supply well.

On October 2, 2017, the County received notice from Sunoco explaining the adverse impacts that the horizontal direction drilling method would have on the County's public water supply, and advising the County that Sunoco applied to Department of Environmental Protection (DEP) to modify its Erosion and Sediment Control Permit (E&S Permit) to allow for a change in installation methodology. *See* R.R. at 807a-809a. Sunoco's application requested permission to use an open trench installation method, which causes a disturbance to the County land's surface, but would avoid interference with the County's public water lines. On April 16, 2018, DEP issued a press release notifying the public of Sunoco's application to alter the installation methodology and scheduling a public hearing thereon. *See id.* at 780a-781a. Thereafter, on August 16, 2018, DEP approved Sunoco's application and modified its E&S Permit to allow installation of the Pipeline via the open trench installation method. The County did not appear or intervene in the DEP proceedings to protect its rights with respect to its affected land, nor to assert any objections to the modification of the installation method for the Pipeline on those affected lands, and did not seek further review of DEP's decision by the Environmental Hearing Board (EHB).[2]

---

[2] *See generally* Section 4(c) of the Environmental Hearing Board Act, Act of July 13, 1988, P.L. 530, 35 P.S. §7514(c) ("[N]o action of [DEP] adversely affecting a person shall be final as to that person until the person has had the opportunity to appeal the action to [EHB.] If a **(Footnote continued on next page…)**

3

On April 9, 2019, the County filed a Complaint in the trial court seeking declaratory and permanent injunctive relief to prevent Sunoco from installing the Pipeline via the open trench method. The Complaint alleged that the plain language of the Easements required the County's consent to any change in installation methodology, and Sunoco had yet to receive any such consent. Accordingly, the County sought to permanently enjoin Sunoco from using the traditional open trench method to install the Pipeline before receiving County approval.

On January 10, 2020, while the above litigation remained pending in the trial court, Sunoco sent the County a letter indicating its intent to commence construction of the Pipeline on January 24, 2020. The County responded by filing an Emergency Petition for a Preliminary Injunction in the trial court. Following a hearing, on January 23, 2020, the trial court denied the County's request for a preliminary injunction on the basis that it lacked subject matter jurisdiction over the case, as alleged in Sunoco's preliminary objections to the Complaint, because the County failed to join the PUC and DEP as indispensable parties. The trial court also explained, *inter alia*, that the County failed to appeal DEP's grant of the modified E&S Permit and that the injunction was an impermissible collateral attack on DEP's approval. The County then appealed the trial court's order denying an injunction to this Court.[3]

---

**(continued…)**

person has not perfected an appeal in accordance with the regulations of [EHB], [DEP's] action shall be final as to the person.").

[3] The County also filed an Emergency Application in this Court seeking an injunction pending appeal pursuant to Pa. R.A.P. 1732(b). On February 18, 2020, following oral argument, **(Footnote continued on next page…)**

4

Initially, as we stated in our Memorandum Opinion denying the County's Emergency Application seeking an injunction in our Court:

> [T]rial courts have broad discretion in determining whether to grant or deny a preliminary injunction, and appellate courts only review those trial court decisions for an abuse of discretion. *Summit Towne Centre, Inc. v. Shoe Show of Rocky Mount, Inc.*, 828 A.2d 995, 1000 (Pa. 2003). Our Supreme Court expounded on this highly deferential standard of review as follows:
>
> > [W]e recognize that on an appeal from the grant or denial of a preliminary injunction, we do not inquire into the merits of the controversy, but only examine the record to determine if there were any apparently reasonable grounds for the action of the court below. Only if it is plain that no grounds exist to support the decree or that the rule of law relied upon was palpably erroneous or misapplied will we interfere with the decision of the [trial court].
>
> *Id.* [(citation omitted)]. Accordingly, to prevail on the merits of the instant case, [the County is] required to prove that the trial court lacked "any apparently reasonable grounds" to deny the preliminary injunction. *Id.*

*Kichline v. Sunoco Pipeline, L.P.* (Pa. Cmwlth., No. 59 C.D. 2020, filed February 18, 2020), slip op. at 5-6. *See also Salazar v. Allstate Insurance Company*, 702 A.2d 1038, 1045 n.13 (Pa. 1997) ("This court may affirm an order if it is correct for any reason, regardless of the reason upon which the lower court relied for its decision.") (citation omitted).

---

**(continued…)**

we issued a Memorandum Opinion and Order denying the Emergency Application. *Kichline v. Sunoco Pipeline, L.P.* (Pa. Cmwlth., No. 59 C.D. 2020, filed February 18, 2020).

In its opinion filed in support of the order denying the injunction below, the trial court stated, in relevant part:

> [T]he County's request for injunctive relief amounts to an improper collateral attack on the DEP's approval of Sunoco's construction methods. The DEP approved modification to Sunoco's permits and authorized Sunoco to construct the Mariner East 2 pipelines using an open trench. The County had notice of Sunoco's application to the DEP to modify its permit to allow for a change in installation methods. The County could have participated in the DEP proceedings by submitting written comments, by presenting testimony, or by appealing from the DEP's determination to modify Sunoco's permit [to EHB]. The County did not involve itself in the proceedings before the DEP.
>
> The County's claim in this court amounts to a collateral attack on the E&S Permit that the DEP issued to Sunoco. In *Pickford* [*v. Public Utility Commission*, 4 A.3d 707, 714 (Pa. Cmwlth. 2010)], the Commonwealth Court concluded that where the DEP has primary jurisdiction, a request in a different forum to reexamine the DEP's determinations amounts to a "straight forward collateral attack[.]" [] "[T]he administrative system of this Commonwealth would be thrown into chaos if we were to hold that agency decisions, reviewable by law by the Commonwealth Court, are also susceptible to collateral attack in equity in the numerous common pleas courts." *In re Sunoco Pipeline, L.P.*, 143 A.3d [1000, 1018 (Pa. Cmwlth. 2016)]. Because the County is attempting to have the DEP's determination approving Sunoco's construction methods reexamined under the guise of contract interpretation and enforcement, it was not appropriate for this court to entertain the injunction request.

Trial Court 3/16/20 Opinion at 19.

As we noted in our prior Memorandum Opinion in this matter:

6

> The trial court was persuaded, in part, by Sunoco's argument that the instant litigation constitutes a collateral attack on the modified E&S Permit that [] DEP issued to Sunoco. It appears this may constitute "an apparently reasonable ground" for denial of [the County's] preliminary injunction request.

*Kichline*, slip op. at 6 n.4. We reaffirm this conclusion. *See generally Lilian v. Commonwealth*, 354 A.2d 250, 252 (Pa. 1976) ("Where such an administrative remedy is statutorily prescribed the general rule is that a court—be it a court of equity or a court of law—is without jurisdiction to entertain the action.").

Accordingly, the trial court's order is affirmed.[4]

_____
MICHAEL H. WOJCIK, Judge

Judge Covey did not participate in the decision of this case.

---

[4] Based on our disposition, we will not address the remaining claims raised on appeal.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michelle H. Kichline, Kathi Cozzone : 
and Terence Farrell in their official : 
capacities as the Commissioners of : 
Chester County and the County of : 
Chester, Pennsylvania, : 
                                               : 
                    Appellants : 
                                               : 
                  v. : No. 59 C.D. 2020
                                               : No. 67 C.D. 2020
Sunoco Pipeline, L.P. : 

# **O R D E R**

AND NOW, this 7ᵗʰ day of January, 2021, the order of the Chester County Court of Common Pleas dated January 23, 2020, is AFFIRMED.

 

_____

MICHAEL H. WOJCIK, Judge